FILED
U.S. DISTRICT COURT
2012 MAY 15 PM 2:48
CLERK R.Qu
SO. DIST. OF GA.

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ABDULLAH MOHAMMED RASHEED,

    Plaintiff,

v.

BARRY GOODRICH and
ERNEST ACREE,

    Defendants.

CIVIL ACTION NO.: CV511-086

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, an inmate currently incarcerated at Riverbend Correctional Facility in Milledgeville, Georgia, filed a cause of action pursuant to 42 U.S.C. § 1983 contesting his transfer from Coffee Correctional Facility in Nicholls, Georgia, to Macon State Prison in Macon, Georgia. Defendants Barry Goodrich ("Goodrich") and Ernest Acree ("Acree") (collectively "Defendants") filed a Motion for Summary Judgment. Plaintiff filed a Response. For the reasons which follow, Defendants' Motion should be **GRANTED**.

## STATEMENT OF THE CASE

Plaintiff alleges, in his Complaint, that Defendants were "vindictive" toward him and that he was transferred from Coffee Correctional Facility to Macon State Prison "out of nefariousness" after staff told Goodrich that Plaintiff was filing a lawsuit against Defendants. (Doc. No. 1, p. 8). Plaintiff's claim was construed by the Court as a claim alleging retaliation against him by Defendants. (Doc. No. 12).

Defendants contend that Plaintiff cannot prove that his transfer was retaliatory. Plaintiff asserts, in his Response to Defendants' Motion for Summary Judgment, "that defendants transferred Plaintiff to another institution as retaliation for Plaintiff's filing of grievances regarding his loss of personal property." (Doc. No. 37, p. 1).

## STANDARD OF REVIEW

Summary judgment "shall" be granted if "the movant[s] show[ ] that there is no genuine dispute as to any material fact and that the movant[s are] entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A dispute about a material fact is genuine and summary judgment is inappropriate if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. However, there must exist a conflict in substantial evidence to pose a jury question." Hall v. Sunjoy Indus. Grp., Inc., 764 F. Supp. 2d 1297, 1301 (M.D. Fla. 2011) (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986) and Verbraeken v. Westinghouse Elec. Corp., 881 F.2d 1041, 1045 (11th Cir. 1989)).

The moving parties bear the burden of establishing that there is no genuine dispute as to any material fact and that they are entitled to judgment as a matter of law. See Williamson Oil Co., Inc. v. Philip Morris USA, 346 F.3d 1287, 1298 (11th Cir. 2003). Specifically, the moving parties must identify the portions of the record which establish that there are no "genuine dispute[s] as to any material fact and the movant[s] [are] entitled to judgment as a matter of law." Moton v. Cowart, 631 F.3d 1337, 1341 (11th Cir. 2011). When the nonmoving party would have the burden of proof at trial, the moving parties may discharge their burden by showing that the record lacks evidence to support the nonmoving party's case or that the nonmoving party would be unable to

AO 72A
(Rev. 8/82)

prove his case at trial. See id. (citing Celotex v. Catrett, 477 U.S. 317, 322–23 (1986)). In determining whether a summary judgment motion should be granted, a court must view the record and all reasonable inferences that can be drawn from the record in a light most favorable to the nonmoving party. Peek-A-Boo Lounge of Bradenton, Inc. v. Manatee Cnty., Fla., 630 F.3d 1346, 1353 (11th Cir. 2011).

## DISCUSSION AND CITATION TO AUTHORITY

The First Amendment forbids prison officials from retaliating against prisoners for exercising the right of free speech. Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008). "It is an established principle of constitutional law that an inmate is considered to be exercising his First Amendment right of freedom of speech when he complains to the prison's administrators about the conditions of his confinement. It is also established that an inmate may maintain a cause of action against prison administrators who retaliate against him for making such complaints." Id. (citations omitted). To state a claim for retaliation the inmate must establish that: "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." Id. (citation omitted).

Plaintiff was housed at Coffee Correctional Facility beginning on August 5, 2010. On October 6, 2010, Plaintiff began requesting transfer to another prison by filing an informal grievance against the former warden and chaplain which stated: "both are in violation SOP . . . VEGAN, to which had their 14 working days in which to get me on my way to a vegan prison. With this I'm Clear!" (Doc. No. 1-1, p. 37). On October 28,

3

2010, Plaintiff filed a grievance stating the he does not eat meat and requesting that he "be sent right away to a camp to which [he] can eat vegan meals." (Doc. No. 1-1, p. 36). On December 27, 2010, Plaintiff filed an informal grievance against the Department of Corrections requesting a vegan diet.[1] (Doc. No. 1-1, p. 40). On January 18, 2011, Plaintiff filed a grievance which stated: "In lieu of my being transfer, its [sic] imperative to Plaintiff health. To this juncture its [sic] becoming preposterous that I'm still here[.] . . . This will not be resolved until I get to a vegan prison. I'm clear!" (Doc. No. 1-1, p. 39). On April 12, 2011, Plaintiff filed an informal grievance against Goodrich and others "for their act of nefarious machination and fraud, Plaintiff is being denied VEGAN." (Doc. No. 1-1, p. 34).

Plaintiff states, in his Complaint, that on March 18, 2011, he filed a "claim"[2] against Goodrich regarding loss of his personal property. Plaintiff did not attach a copy of this "claim" to his Complaint, but, at the summary judgment stage, the Court accepts this as true. Plaintiff avers that Acree was also involved in dealing with his loss of personal property "claim." On May 16, 2011, Plaintiff filed an informal grievance "against P. Cooper, A/W for her act of fraud. Plaintiff claim against A/W Miles for his act of fraud as well in that a grievance was filed on 4/2/11 concerning Plaintiffs [sic] property its [sic] now 5/16/11 still I've not heard anything about the grievance. . . . I want my fan, headphones radio." (Doc. No. 1-1, p. 66). Plaintiff was transferred to Macon State Prison on July 19, 2011.

Plaintiff first alleged that his transfer to Macon State Prison was "out of nefariousness" after staff told Goodrich that Plaintiff was filing a lawsuit against

---

[1] Coffee Correctional Facility does not serve the vegan diet plan. (Doc. No. 35-1, p. 5).
[2] Plaintiff clarified, during his deposition, that this "claim" was an informal grievance. (Doc. No. 35-1, p. 24).

4

Defendants. (Doc. No. 1, p. 8). Plaintiff later alleged that his transfer to Macon State Prison was "retaliation for Plaintiff's filing of grievances regarding his loss of personal property." (Doc. No. 37, p. 1). Defendants contend that Plaintiff's transfer to Macon State Prison was in response to his many requests for transfer to a prison that accommodates a vegan diet and that Plaintiff cannot prove the second and third elements of his retaliation claim.

It is undisputed that Coffee Correctional Facility does not serve the vegan diet plan. (Doc. No. 35-1, p. 5). It is also undisputed that Macon State Prison does serve the vegan diet plan. (Id.). It is undisputed that Plaintiff, while housed at Coffee Correctional Facility, filed numerous grievances requesting transfer to a facility that served the vegan diet plan. (See Doc. Nos. 1, 1-1). It is also undisputed that on January 26, 2011, and on April 19, 2011, Plaintiff's request for transfer to a facility that served the vegan diet plan was pending. (Doc. No. 1-1, pp. 35, 38). Finally, it is undisputed that Plaintiff was transferred to Macon State Prison, a prison that serves the vegan diet plan, on July 19, 2011. (Doc. No. 35-1, p. 1). Even assuming that Plaintiff's transfer, which he requested, was an adverse action, the uncontested material facts support Defendants' assertion that Plaintiff cannot prove a causal relationship between his transfer to Macon State Prison and Plaintiff's filing of a lawsuit or any grievances relating to loss of his personal property. Plaintiff has offered no evidence which shows a genuine dispute of any material fact on this First Amendment issue.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Defendants' Motion for Summary Judgment be **GRANTED** and that Plaintiff's Complaint be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 15th day of May, 2012.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)