IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
WAYCROSS DIVISION

ABDULLAH MOHAMMED RASHEED,

    Plaintiff,

v.  :  CIVIL ACTION NO.: CV511-086

BARRY GOODRICH and
ERNEST ACREE,

    Defendants.

## ORDER

Plaintiff filed Objections to the Magistrate Judge's Report dated May 15, 2012, which recommended that Defendants' Motion for Summary Judgment be granted and that Plaintiff's Complaint be dismissed. In his Objections, Plaintiff argues that his transfer from Coffee Correctional Facility to Macon State Prison[1] was "done out of nefarious machination." (Doc. No. 49, p. 1). Plaintiff submitted Exhibits A–E with his Objections. Defendants moved to strike the exhibits on the basis that the evidence on summary judgment closed prior to the issuance of the Magistrate Judge's Report under Local Rule 56.1. Defendant's Motion to Strike is **GRANTED**. For the reasons which follow Plaintiff's Objections are **overruled**.

As discussed in Smith v. Mosley, 532 F.3d 1270, 1276 (11th Cir. 2008), and in the Magistrate Judge's Report, to state a claim for retaliation an inmate must establish

---

[1] Plaintiff is now housed at Wheeler Correctional Facility in Alamo, Georgia.

that, "(1) his speech was constitutionally protected; (2) [he] suffered adverse action such that the administrator's allegedly retaliatory conduct would likely deter a person of ordinary firmness from engaging in such speech; and (3) there is a causal relationship between the retaliatory action and the protected speech." The Magistrate Judge found that even if Plaintiff's transfer, which he requested, was an adverse action, the uncontested material facts support Defendants' assertion that Plaintiff cannot prove a causal relationship between his transfer and his filing of a lawsuit or any grievances relating to loss of his personal property. (Doc. No. 41, p. 5).

After an independent and de novo review of the record, the undersigned concurs with the Magistrate Judge's Report and Recommendation. It is undisputed that Coffee Correctional Facility does not serve the vegan diet plan. (Doc. No. 35-1, p. 5). It is also undisputed that, while housed at Coffee Correctional Facility, Plaintiff frequently requested transfer to a prison that does serve the vegan diet plan. (See Doc. Nos. 1, 1-1). It is undisputed that Macon State Prison does serve the vegan diet plan. (Doc. No. 35-1, p. 5). It is also undisputed that on January 26, 2011, and on April 19, 2011, Plaintiff's request for transfer to a facility that served the vegan diet plan was pending. (Doc. No. 1-1, pp. 35, 38). Finally, it is undisputed that Plaintiff was transferred to Macon State Prison, a prison that serves the vegan diet plan, on July 19, 2011. (Doc. No. 35-1, p. 1). Plaintiff states that he filed grievances against Defendants relating to loss of his personal property, and at the summary judgment stage the Court accepts this as true. However, Plaintiff did not offer any evidence that creates a genuine dispute as to any material fact regarding whether Defendants transferred Plaintiff from Coffee Correctional Facility to Macon State Prison as a result of Plaintiff exercising his First

2

AO 72A
(Rev. 8/82)

Amendment rights. The evidence shows that Plaintiff was transferred to Macon State Prison in order to satisfy his many requests for such a transfer.

Plaintiff's Objections to the Magistrate Judge's Report and Recommendation are without merit and are **overruled**. The Report and Recommendation of the Magistrate Judge is adopted as the Opinion of the Court. Defendants' Motion for Summary Judgment is **GRANTED**. Plaintiff's Complaint is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 26 day of July, 2012.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA

AO 72A
(Rev. 8/82)